UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ABDUL-AZIZ RASHID MUHAMMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:15-cv-00334-WTL-MJD |
| ) | |
| GEHRKE Counselor, ) | |
| PARKER Operations Lt., ) | |
| FORTUNE Unit Manager, ) | |
| SCULLY Nurse, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Abdul-Aziz Rashid Muhammad brings this case pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against Defendants Counselor Gehrke, Operations Lt. Parker, Unit Manager Fortune, and RN Scully. Muhammad alleges that these defendants violated his First Amendment rights by retaliating against him because he had filed grievances regarding his medical treatment. Defendants Parker and Scully move for summary judgment arguing that Muhammad failed to exhaust his available administrative remedies with regard to this claims. Muhammad has responded and the defendants have replied. For the following reasons, the motion for summary judgment [dkt 27] is **denied**.

**I. Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must

be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001).

## II. Factual Background

During the time of the allegations of the complaint, Muhammad was confined by the Federal Bureau of Prisons ("BOP") at the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute"). The BOP promulgated an administrative remedy system which is codified in 28 C.F.R. §§ 542.10, *et seq*., and BOP Program Statement 1330.16, *Administrative Remedy Procedures for Inmates* (currently BOP Program Statement 1330.17). All codified BOP Program Statements are available for inmate access via the institution law library, including BOP Program Statement 1330.16. Additionally, Administrative Remedy filing procedures are outlined in the inmate Information Handbook provided to all inmates upon initial intake at FCC Terre Haute.

The Administrative Remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. To exhaust his remedies, an inmate must first file an informal remedy request through an appropriate institution staff member via a BP-8. If the inmate is not satisfied with the informal remedy response, he is then required to address his complaint with the Warden via a BP-9. The BP-9 must be submitted to the Warden

within 20 days of the incident and is assigned a numerical tracking number ending with F1. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director within 20 days via a BP-10. The BP-10 is identified with a numerical tracking number ending in R1. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel via a BP-11 within 30 days. The BP-11 is assigned a tracking number ending in A1.[1] Once an inmate receives a response to his appeal from the General Counsel, after filing administrative remedies at all required levels, his administrative remedies are deemed exhausted as to the specific issues raised therein.

Relevant to his retaliation claims in this case, on October 4, 2013, Muhammad filed remedy request 752581-F1. In that request, Muhammad stated that his health has been disregarded and that "this conduct is discriminatory, retaliatory, deliberately indifferent to my rights and health and has been ongoing from institution to institution . . ." He also references and incorporates his BP-8, which states, among other things, "Due to discriminatory and retaliatory animus . . . his unit team in total disregard to his "serious medical condition(s)/restriction(s) assigned him to work in the kitchen" . . . The remedy was closed with explanation on October 24, 2013. On December 2, 2013, Muhammad filed remedy 752581-R1. This remedy filing was rejected on December 2, 2013 because he was had been moved to an institution in the Mid-Atlantic region. Muhammad was instructed to refile with the appropriate regional office. On December 13, 2013, Muhammad filed 752581-R2. That remedy request refers to "harassment and malicious retaliation of his unit team at FCI Terre Haute, Ms. Fortune & Gherke, and unknown Health Service Staff of placing him in a job in total disregard of his serious medical conditions(s)." The remedy was closed with

---

[1] If amended or successive remedy requests are filed at the same level, the numeral following the alphabetical letter will change accordingly in database used to track administrative remedy requests, known as SENTRY, *i.e*., F2, R2 or A2 following the remedy identification number.

explanation on January 13, 2014, and on January 28, 2014, the Muhammad filed remedy 752581-A1. In that appeal, Muhammad alleges he was retaliated against by "K. Klink" and members of his unit team "Ms. Fortune, Unit Manager and C. Gherke/Counselor." He alleges these staff members retaliated against him for filing grievances about his medical care by assigning him a job in Food Service for which they allegedly knew he was physically not able to perform. The remedy was closed and denied on September 19, 2014.

### III. Discussion

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. *See Porter v. Nussle,* 534 U.S. 516, 532 (2002)("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life . . . ."). Defendants Parker and Scully seek summary judgment on Muhammad's claims against them arguing that he failed to exhaust his available administrative remedies as required by the PLRA with regard to those claims. Parker and Scully do not dispute that Muhammad exhausted administrative remedies with regard to his claims of retaliation, but argue that, by not referring to them in his grievances, he failed to exhaust his administrative remedies with respect to his claims against them.

The Supreme Court has explained that notice to an individual that he might be sued "has not been thought to be one of the leading purposes of the exhaustion requirement," and that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Jones v. Bock*, 549 U.S. 199, 218-19 (2007). Instead, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218. Here, the BOP regulations

require that an inmate submit his grievance on an appropriate form and "place a single complaint or a reasonable number of closely related issues on the form." 28 C.F.R. § 542.14. The grievance procedures outlined in the regulations are silent as to the level of detail required to properly exhaust a claim.

Parker and Scully have directed the Court to no requirement that any individual be named in the grievance. They argue instead that because they are not members of the Unit Staff and not responsible for his job placement, his remedy requests – which referenced his Unit Team, his job placement, and Health Service Staff – were not sufficient to exhaust his administrative remedies against them. But is undisputed that Muhammad exhausted his administrative remedies with regard to the alleged retaliation. This was sufficient to satisfy the PLRA requirement that a grievance alert officials to a problem and permit them to investigate Muhammad's allegations. *Jones*, 549 U.S. at 218-19. The BOP grievance policy does not require that a prisoner name each defendant who might be considered liable for his injuries. Therefore, any failure on Muhammad's part to name Parker and Scully specifically did not violate the PLRA exhaustion requirement. Parker and Scully have thus failed to meet their burden of showing that Muhammad failed to exhaust his available administrative remedies with regard to his retaliation claims.

## IV. Conclusion

Based on the evidence presented, defendants Parker and Scully have failed to meet their burden of proving that there was an available administrative remedy that Muhammad failed to utilize before filing the instant lawsuit. They have failed to come forward with evidence which would warrant a hearing. Accordingly, the defendant's motion for summary judgment [dkt. 27] is **DENIED** and the affirmative defense of failure to exhaust administrative remedies is **REJECTED.**

**IT IS SO ORDERED.**

Date: 11/4/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

ABDUL-AZIZ RASHID MUHAMMAD
20017-101
PETERSBURG - MEDIUM FCI
PETERSBURG MEDIUM FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
PETERSBURG, VA 23804