UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ABDUL-AZIZ RASHID MUHAMMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 2:15-cv-00334-WTL-MJD |
| GEHRKE Counselor, ) | |
| PARKER Operations Lt., ) | |
| FORTUNE Unit Manager, ) | |
| SCULLY Nurse, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Defendants' Motion for Summary Judgment
And Directing Entry of Final Judgment**

For the reasons explained in this Entry, defendants' motion for summary judgment, Dkt. No. 69, is **granted**.

## I. Introduction

Plaintiff Abdul-Aziz Rashid Muhammad is an inmate in the federal Bureau of Prisons (BOP). On October 16, 2015, he commenced this action against BOP employees Gehrke, Parker, Fortune, and Scully alleging they retaliated against him for filing grievances or requests for medical treatment. Dkt. No. 1, p. 3 (Claim 4). He contends that he was threatened with physical assault, 24-hour single-cell detention, and transfer to another facility if he persisted in filing grievances or medical requests. He also contends that defendants cancelled a medical work duty exemption and moved him into a cell with an inmate who had a history of violent assaults on other inmates. *Id.* Mr. Muhammad's action is brought pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The action was screened on December 11, 2015, and allowed to proceed against defendants as a *Bivens* action.

The four defendants seek summary judgment. Mr. Muhammad filed a response in opposition that is fifty-five pages long and has one-hundred and twenty pages of attachments. Defendants have replied, and Mr. Muhammad has surreplied.

## II. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a). The movant bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of designated evidence that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and citation omitted).

A factual issue is material only if resolving the factual issue might change the outcome of the case under the governing law. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 248. In deciding a motion for summary judgment, the court "may not 'assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence.'" *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803, 808 (N.D. Ill. 2010) (quoting *Stokes v. Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 619 (7th Cir. 2010)). Instead, it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party. *See Anderson*, 477 U.S. at 255.

### III. Plaintiff's Complaint

"Claim Four" of a complaint filed by Mr. Muhammad is the operative complaint. It reads:

> Defendants Counselor Gehrke, Operations Lieutenant Parker, Unit Manager Fortune, and RN Scully are liable to the Plaintiff under the 1st Amendment because they retaliated against Plaintiff for exercise of his right to file grievances or request for medical treatment. Plaintiff filed informal inmate request to staff and formal administrative remedies complaints allowed by BOP Policy in order to petition for redress of grievances about the denial of medical treatment. The Defendants threatened to physically assault the Plaintiff, place him in 24 hour single cell detention and transfer him if he persisted in exercise of 1st Amendment rights. Defendants also cancelled Plaintiff's medical exemption from work duty and moved him into a cell with an inmate who had a history of violent assaults against other inmates . . . But for Plaintiffs exercise of 1st Amendment rights, the Defendants would not have retaliated against him, and these retaliatory threats and acts were sufficient to deter a person of ordinary firmness from exercising 1st Amendment rights.

Dkt. No. 1, p. 3.

Mr. Muhammad's asserted First Amendment activity was, as noted above, filing grievances and requesting medical treatment. He asserts that the actions taken against him would deter future First Amendment Activity, and that the actions were taken in retaliation for his exercise of the right.

### IV. Statements of Material Facts Not in Dispute

Defendants contend that it is undisputed that Mr. Muhammad's claims against the four defendants are for retaliation because of Mr. Muhammad's exercise of his First Amendment rights to file grievances and seek medical treatment. Dkt. No. 70, p. 1. Mr. Muhammad does not dispute that his lawsuit is for retaliation. Dkt. No. 77, pp. 3-6. While he disputes whether individual defendants did certain acts, or the extent to which these acts were done, every asserted action was taken to retaliate against him for filing grievances and requests for medical care, and with an intention to chill his First Amendment rights. *Id.* For the reasons explained below, these are the only material facts to the disposition of this case.

## V. Discussion

While prisoners do not have unfettered First Amendment rights, the rights they retain may not be infringed upon by prison officials retaliating against them for exercising those rights. *Crawford-El v. Britton*, 523 U.S. 574, 588 n. 10, 592-93 (1998). But *Crawford-El* was a 42 U.S.C. § 1983 action, not a *Bivens* action. Last year the Supreme Court in *Zigler v. Abbasi*, ___ U.S. ___, 137 S. Ct. 1843 (2017), clarified the very limited scope of *Bivens* actions. If the asserted *Bivens* claim is not one of the three *Bivens*-type actions previously recognized by the Supreme Court, closer scrutiny is required. This calls into question whether a First Amendment free speech retaliation claim is a viable claim when asserted against federal officials.

In deciding this question, the Court must first determine whether Mr. Muhammad's retaliation claim arises "in a new *Bivens* context." *Abbasi*, 137 S. Ct. at 1864. If so, this Court must next ask whether there are any other "special factors counseling hesitation before authorizing a new kind of federal litigation," including whether there is "'any alternative, existing process for protecting the [injured party's] interest' that itself may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Id.* at 1858 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).

### A. New *Bivens* Context

The Supreme Court has recognized a *Bivens* remedy in only three cases: (1) a Fourth Amendment claim against federal agents for violating the prohibition against unlawful searches and seizures when they handcuffed a man in his home without a warrant, *Bivens*, 403 U.S. 388; (2) a Fifth Amendment gender discrimination claim against a congressman for firing his female administrative assistant, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) an Eighth Amendment claim brought by an inmate's estate against prison officials for failure to provide adequate medical

4

care for his asthma, *Carlson v. Green*, 446 U.S. 1 (1980). To determine whether a case presents a new *Bivens* context, the *Abbasi* court explained: "If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new." *Abbasi*, 137 S. Ct. at 1859.

Without endeavoring to create an exhaustive list of differences that are meaningful enough to make a given context a new one, some examples might prove instructive. A case might differ in a meaningful way because of the rank of the officers involved; *the constitutional right at issue*; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider. *Id.* at 1859-60. A retaliation claim is brought under the First Amendment, not one of the Amendments under which *Bivens* has been authorized to proceed under.

To this end, the Supreme Court specifically pointed out that it has declined to extend *Bivens* in a number of contexts: a First Amendment suit against a federal employer, *Bush v. Lucas*, 462 U.S. 367, 390 (1983); a race-discrimination suit against military officers, *Chappell v. Wallace*, 462 U.S. 296, 297, 304–305 (1983); a substantive due process suit against military officers, *United States v. Stanley*, 483 U.S. 669, 671–672, 683–684 (1987); a procedural due process suit against Social Security officials, *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988); a procedural due process suit against a federal agency for wrongful termination, *FDIC v. Meyer*, 510 U.S. 471, 473–474 (1994); an Eighth Amendment suit against a private prison operator, *Malesko*, *supra*, at 63, 122 S. Ct. 515; a due process suit against officials from the Bureau of Land Management, *Wilkie v. Robbins*, 551 U.S. 537, 547–548, 562 (2007); and an Eighth Amendment suit against prison

5

guards at a private prison, *Minneci v. Pollard*, 565 U.S. 118, 120, (2012). *Abassi*, 137 S. Ct. at 1857.

Mr. Muhammad's free exercise claim in this case is unlike the Fourth Amendment unreasonable seizure claim at issue in *Bivens*, the gender discrimination claim in *Davis*, or the deliberate indifference claim in *Carlson*. Notably, while in some cases the Supreme Court has assumed without deciding that a *Bivens* remedy is available for a First Amendment claim, it has never identified one. *See Wood v. Moss*, 134 S. Ct. 2056, 2066 (2014); *Reichle v. Howards*, 566 U.S. 658 n.4, 1 (2012) ("We have never held that *Bivens* extends to First Amendment claims."); *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (assuming, without deciding, that a free exercise claim was available because the issue was not raised on appeal, but noting that the reluctance to extend *Bivens* "might well have disposed of respondent's First Amendment claim of religious discrimination"). Applying these authorities and considerations, this Court concludes that Mr. Muhammad's First Amendment retaliation claims arise in a new *Bivens* context.

B. Alternative Avenue for Relief and Special Factors

The *Abassi* Court held that if the questioned claim is indeed a "new *Bivens* context" claim, then the district court must next ask "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Wilkie*, 551 U.S. at 550. "[T]he existence of alternative remedies usually precludes a court from authorizing a *Bivens* action." *Abbasi*, 137 S. Ct. at 1865. And this Court must also consider whether special factors counsel hesitation in recognizing a *Bivens* remedy.

In 2009, the Supreme Court made clear that expanding the *Bivens* remedy is now a "disfavored" judicial activity. *Iqbal*, 556 U.S. at 675. This is in accord with the Supreme Court's

6

observation that it has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 68 (2001). Indeed, the Supreme Court has refused to extend *Bivens* for the past thirty-five years. In this light, recognizing a new *Bivens* remedy would require extraordinary circumstances, which certainly counsels hesitation.

Turning first to whether Mr. Muhammad has alternative remedies he may use to address his retaliation claims, he has, of course, the Bureau of Prisons' administrative remedy process. He may bring retaliation conduct to the attention of administrators and seek non-monetary remedies. For any injuries he might have sustained, he is able to bring a claim under the Federal Torts Claim Act. Any retaliation that extends his confinement might be actionable in habeas corpus. And any retaliation that results in a violation of a previously recognized *Bivens* claim is another alternate remedy Mr. Muhammad may pursue. Indeed, Mr. Muhammad's retaliation claim flows from his attempts to obtain medical treatment. He is pursuing an Eighth Amendment *Bivens* action on that very basis. *See Muhammad v. Rupska*, No. 2:15-cv-00228-JMS-MJD (S.D. Ind. July 27, 2015). He has filed grievances concerning the medical treatment, bringing to prison officials' attention the problems he contends are occurring. Thus he is not without a remedy to address the core concerns of his problems. This Court concludes that Mr. Muhammad has alternative remedies he may use to address the retaliation issues.

This Court should also consider whether judicial intervention is necessary. The federal courts are not prison administrators, and decisions on security classifications, job assignments, segregation, and medical exemptions are certainly best left to prison officials except in extraordinary circumstances not present in this case. *Bell v Wolfish*, 441 U.S. 520, 532 (1979) (citing *Procunier v. Martinez*, 416 U.S. 396, 405 (1974)). Mr. Muhammad's contentions that he was placed in a cell with a dangerous inmate (whose name he does not know and who apparently

did not harm Mr. Muhammad), threatened with a transfer to another facility (which apparently did not happen), and that he lost a medical exemption for work are each circumstances, without more, that do not require judicial intervention. Without more, each such incident is not independently actionable because they are prison administrative decisions.

Finally, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." *Abassi*, 137 S. Ct. at 1865. As noted by the Supreme Court:

> Some 15 years after *Carlson* [*v. Green*, 446 U.S. 14 (1980)] was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs. This Court has said in *dicta* that the Act's exhaustion provisions would apply to *Bivens* suits. But the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment.

*Id.* (internal citations omitted).

In passing the Prison Litigation Reform Act of 1995 (the "PLRA"), Congress "placed a series of controls on prisoner suits . . . designed to prevent sportive filings in federal court." *Skinner v. Switzer*, 562 U.S. 521, 535–36 (2011). Congress did so with the intent to "reduce the quantity of inmate suits." *Jones v. Bock*, 549 U.S. 199, 223 (2007). Congress has been active in the area of prisoners' rights, and its actions – *not* creating new rights – do not support the creation of a new *Bivens* claim.

For these reasons, the Court holds that the special factors analysis dictates hesitation in applying *Bivens* to First Amendment retaliation claims and that judicial intervention with the creation of a retaliation claim against federal actors is not warranted.

## VI. Conclusion

Mr. Muhammad's *Bivens* action for a violation of his First Amendment free speech rights is foreclosed by *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). It is not one of the three *Bivens*-type claims recognized by the Supreme Court. Mr. Muhammad has administrative and other judicial remedies available to him for the underlying claims that eventually gave rise to the instant claim, and the nature of the instant claims are not of such gravity to require judicial intervention and the creation of a new *Bivens* action. Summary judgment for defendants is **granted**. Final judgment consistent with this Entry shall now enter.

**IT IS SO ORDERED**.

Date: 3/15/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Abdul-Aziz Rashid Muhammad
20017-101
Rochester Federal Medical Center
Inmate Mail/Parcels
P.O. Box 4000
Rochester, MN 55903-4000

Electronically Registered Counsel